## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____

FLAGSTAR BANK, FSB,

               Plaintiff,

      v.

RICHARD M. CULLIGAN, *et al.,*

        Defendants.

_____

:
:
:
:
:    Civil Action No. 15-0385 (FLW)(DEA)
:
:    **REPORT AND**
:    **RECOMMENDATION**
:
:
:
:

ARPERT, Magistrate Judge

      This matter comes before the Court on an Order to Show Cause issued by the Court on April 15, 2015, directing Defendants to show cause why this action should not be remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction. *See* Dkt No. 6. For the reasons set forth below, it is respectfully RECOMMENDED that this matter be REMANDED to the Superior Court of New Jersey, Ocean County, Chancery Division.

## I.    BACKGROUND AND PROCEDURAL HISTORY

      The present action was commenced by Flagstar Bank, FSB ("Plaintiff") by filing a Complaint in mortgage foreclosure in the Superior Court of New Jersey, Ocean County, Chancery Division, against Defendants on June 27, 2014. Dkt. No. 7 at p. 2. Defendants filed a subsequent Motion to Dismiss Plaintiff's claim asserting they were not properly served by Plaintiff. *Id*. Plaintiff then filed an Amended Complaint on November 3, 2014 to join the United States of America as a result of two federal tax liens.  *Id*.  Plaintiff's Amended Complaint alleges that Defendants failed to

make payments due on October 1, 2013 pursuant to a $338,170.00 mortgage loan, resulting in default. Plaintiff's Complaint does not include any claims under federal law. *See* Dkt. No. 1.

Prior to filing an Answer, Defendants removed the action to this Court on January 16, 2015. *See* Dkt. No. 1. In support of removal, Defendants relied on anticipated counterclaims arising under federal law. *Id.* After removal, Defendants filed an Answer which includes counterclaims arising the Real Estate Settlement Act, the Fair Debt Collections Practices Act, and the Truth in Lending Act. *See* Dkt. No. 3.

The Court held a telephone status conference with counsel on April 15, 2015, and subsequently issued  an Order to Show Cause directing Defendants to "show cause before this Court . . . why this action should not be remanded to the Superior Court of New Jersey for lack of subject matter jurisdiction." Dkt. No. 6.  Defendants filed their response to the Order to Show Cause on May 1, 2015, asserting that their allegedly compulsory counterclaims arise under federal law and therefore provide a basis for this Court's jurisdiction over the present action. *See* Dkt. No. 7. In response, Plaintiff contends that Defendants' counterclaims, which were filed after removal, do not provide a basis for this Court's jurisdiction. *See* Dkt. No. 10.

## II.    DISCUSSION

The removal of civil actions is governed by 28 U.S.C. § 1441.  Pursuant to § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. Additionally, "[r]emoval is a statutory right and, therefore, must be construed in favor of the non-removing party.  Any doubts

about the existence of federal jurisdiction must be resolved in favor of remand." *Indep. Mach. Co. v. Int'l Tray Pads & Packaging, Inc.*, 991 F. Supp. 687, 690 (D.N.J. 1998).  *See also Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1992); *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied* 498 U.S. 1085 (1991); *Bishop v. General Motors Corp.,* 925 F.Supp. 294, 297 (D.N.J. 1996).

Here, Defendants' sole alleged basis of original jurisdiction is 28 U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). As a result, the "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Accordingly, because a counterclaim appears as part of a defendant's answer and not as part of a plaintiff's complaint, it cannot serve as the basis for "arising under" jurisdiction, even when compulsory. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.,* 535 U.S. 826, 830 (2002).

Plaintiff's Complaint alleges that Defendants failed to make payments due under a mortgage loan and does not include any claims arising under federal law. Defendants do not contest that Plaintiff's claims are solely based on New Jersey law. Instead, Defendants assert that "this matter inextricably involves federal claims" because Defendants' counterclaims "arise out of the same transaction and occurrence as Plaintiff's claims" and are therefore compulsory. Dkt. No. 7 at p. 2.

While Defendants assert that this matter was properly removed based on their counterclaims, the Supreme Court has repeatedly affirmed that the well-pleaded complaint rule designates the plaintiff as the only party who may establish original jurisdiction and held that counterclaims, even

when compulsory, are insufficient to create original jurisdiction. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Accordingly, because Plaintiff's claims are bought exclusively under New Jersey law, Defendants have failed to demonstrate that this action "arises under" federal law for purposes of subject matter jurisdiction under 28 U.S.C. § 1331. Consequently, absent a basis for this Court's jurisdiction, Defendants improperly removed this case under 28 U.S.C. § 1441(a)-(c). Therefore, because this action was improperly removed and there is no basis for this Court's jurisdiction, it is respectfully RECOMMENDED that this matter be REMANDED.

## III.   CONCLUSION AND ORDER

The Court having considered the papers submitted pursuant to Fed. R. Civ. P. 78, and for the reasons set forth above;

**IT IS** on this 24th day of July, 2015

**RECOMMENDED** that this matter be **REMANDED** to the Superior Court of New Jersey, Ocean County, Chancery Division; and it is further

**ORDERED** that pursuant to L. Civ. R. 72.1 and Fed. R. Civ. P. 72, objections to this Report and Recommendation shall be filed within fourteen (14) days after service hereof. Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  The Clerk of Court is directed to serve the parties with electronic notice upon filing this Report and Recommendation.

/s/ Douglas E. Arpert
DOUGLAS E. ARPERT
United States Magistrate Judge